UNITED STATES of America,
Plaintiff–Appellee,

v.

Benjamin Charles SMITH,
Defendant–Appellant.

Nos. 89–5547, 89–5548.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 22, 1990.

Decided July 3, 1990.

Louis DeFalaise, U.S. Atty., John M. Compton, Asst. U.S. Atty. (argued), Office of U.S. Atty., Lexington, Ky., for plaintiff-appellee.

Trisha Zeller James, James & James, Louisville, Ky., Benjamin Charles Smith, Phoenix, Ariz., for defendant-appellant.

Before KENNEDY and BOGGS, Circuit Judges, and HULL, Chief District Judge.*

HULL, Chief District Judge.

Arguing that his conviction should be reversed because the trial court violated his sixth and fourteenth amendment rights by denying him access to the legal material and facilities necessary for self-representation, the appellant in this case appeals the Judgment and Commitment Order entered after a jury verdict of guilty was returned against him on an escape charge. The issue in this case is whether a defendant who voluntarily waives his right to counsel, as well as standby counsel, is entitled to access to a law library pursuant to the sixth and fourteenth amendments.

At his arraignment on March 2, 1989, the appellant was offered both counsel and standby counsel. After being advised of the dangers of self-representation, the appellant knowingly and intelligently waived his right to both counsel and standby counsel. At this hearing, the defendant did complain that the library at the Fayette County Detention Center where he was incarcerated was inadequate because it consisted of only six outdated books.

On March 3, 1989, after receiving an undated handwritten letter from the defendant which was treated as a motion for access to law books, the trial court entered an order directing the U.S. Marshal to place the defendant in an institution where he would have access to law books. The trial court concluded in this order that this action was appropriate based upon *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

A hearing was held in regard to various pretrial motions before a United States Magistrate on March 10, 1989. The defendant again complained that he still had not received access to a legal library "with the minimum standards set forth by the American Bar Association, American Association for Legal Libraries, and the Supreme Court in *Bounds v. Smith* and *Gilmore v. Younger* [404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971)]." Evidently, the defendant was not transferred to another facility as had been ordered by the trial court on March 3, 1989. The Magistrate continued the hearing on all issues raised by the defendant and the government until March 13, 1989, indicating that access to an adequate law library would be the first issue addressed at that time.

On March 13, 1989, the appellant was again offered counsel and warned of the dangers of self-representation. No reference was made to standby counsel at this time. The appellant's waiver of counsel at this hearing was also competent and intelligent. Addressing the sufficiency of the law library at the facility where the defen-

---

* The Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

dant was incarcerated, the Magistrate concluded that the defendant's reliance on *Bounds* was misplaced, and found that it was not the prerogative of the defendant to decide whether he would accept either the state's offer of legal counsel or instead insist that the state provide him with access to the same facilities that a bar association lawyer would have. The Magistrate held that the objection of the defendant in regard to proceeding on a pending pretrial motion due to the fact that he had not had access to an acceptable law library was without merit. On March 20, 1989, the trial court affirmed the Magistrate's ruling that the defendant should not be transferred to a different facility.

The appellant came to trial on April 26, 1989. Although he was again offered standby counsel and appointed counsel, he persisted in his demands that he represent himself.

At every court appearance, the appellant repeatedly made demands that he be permitted access to legal materials and facilities. Although the appellant was apparently given copies of some cases, he was never granted actual access to an adequate law library.

The appellant contends that the interplay between *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), a Section 1983 action, and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), mandates that a criminal defendant who waives his right to counsel be given access to an adequate law library to satisfy his constitutional right of access to the Courts. After careful examination of these cases, however, we decline to accept this reasoning.

In *Bounds, supra,* the Court specifically states:

> We hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law. *Id.* 430 U.S. at 828, 97 S.Ct. at 1498. (emphasis added).

Clearly, then, the only application that *Bounds* has to pretrial detainees would be in civil matters because access to an adequate law library would never suffice as a constitutionally permissible replacement by the government for the right to the assistance of counsel in a criminal trial absent a voluntary waiver of counsel. The sixth amendment provides for an absolute right to the assistance of an attorney during the course of the pretrial detainee's criminal trial, and does not permit alternate means to achieve that goal despite the fact that *Bounds* suggests that in a civil trial the right of meaningful access to the court may be fulfilled by providing prisoners with adequate law libraries.

Although the defendant in a criminal matter may choose to waive his right to counsel, it would cut against the entire grain of our criminal justice system to suggest that in lieu of furnishing an indigent criminal defendant with appointed counsel, it would be constitutionally acceptable merely to give that defendant access to an adequate law library. Not only do we find that *Bounds* is not controlling in the context of a criminal trial, but we conclude that *Bounds* is completely inapplicable. Therefore, contrary to the appellant's contention, we find no interplay between *Bounds* and *Faretta* that would have required the trial court to permit the appellant to have access to a law library.

*Faretta, supra,* addresses the compact statement of rights necessary for a full defense as set out in the Sixth Amendment:

> In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. *Id.* 422 U.S. at 818, 95 S.Ct. at 2532.

To satisfy due process requirements, these basic rights must be afforded to every criminal defendant.

Contrary to the appellant's position, *Faretta* does not address meaningful access to the courts. In fact, *Faretta* acknowledges

that a defendant's voluntary waiver of counsel in and of itself may result in a denial of meaningful access by stating:

It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. *Id.* at 834, 95 S.Ct. at 2540.

The Court in *Faretta, supra,* at n. 43, also cites Mr. Justice Sutherland in *Powell v. Alabama,* 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932):

Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he has a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect.

In spite of the recognized inherent inability of the vast majority of defendants to adequately represent themselves in a meaningful manner, the Court in *Faretta* still upholds the proposition that the accused has a right to represent himself when he competently and intelligently waives his right to assistance of counsel. Therefore, *Faretta* acknowledges that principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had.

In effect, the appellant argues that he is entitled to the benefits that would have been afforded to him had he had counsel; *i.e.,* access to a law library. However, the Court in *Faretta, supra* 422 U.S. at 835, 95 S.Ct. at 2541, specifically states:

When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits.

In assessing whether or not a defendant has made a knowing exercise of the right to defend himself, the Court in *Faretta, supra* at 836, 95 S.Ct. at 2541, also concludes that a determination of the defendant's technical legal knowledge is not relevant. Therefore, an assessment of the appellant's ability to obtain technical legal research was not relevant in this case in order for the court to determine that the appellant's waiver of counsel was competent.

It is undisputed that the appellant's repeated waiver of counsel and/or standby counsel was intelligent and competent. We find that by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library. Whatever issues may or may not be open to this appellant on appeal because he has waived his right to counsel, he cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel. *Faretta, supra,* at n. 46.

We also note that our holding today is in accord with the Fourth and Seventh Circuits who have reached the same conclusion that the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves. *See United States v. Chatman,* 584 F.2d 1358, 1359 (4th Cir.1978) ("option rests with government ... as to form which that assistance will take"); *United States ex rel. George v. Lane,* 718 F.2d 226, 231 (7th Cir.1983) "... offer of court-appointed counsel to represent a defendant satisfied the constitutional obligation of a state to provide a defendant with legal assistance under the Sixth and Fourteenth Amendments."

Therefore, the appellant was not deprived of due process of law, even though his waiver of counsel may have ultimately been to his detriment, and reversal is not warranted in this cause. Accordingly, the judgment of the trial court is AFFIRMED.