972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald L. RAINES, Plaintiff-Appellant,
v.
Julia GOEDDE; Anthony Brigano; Holst, Mr., Defendants-Appellees.
 No. 92-3120.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gerald L. Raines alleged that defendants discriminated against him on the basis of race, denied him access to the courts, and interfered with his First Amendment right of free exercise of religion.
 
 
 3
 Raines made numerous discovery requests for prison records to support his claim of discrimination. Defendants objected that the requests were burdensome and that the documents sought were irrelevant or, in some cases, unavailable. The magistrate judge denied Raines's motions for orders to compel discovery.
 
 
 4
 Defendants filed a motion to dismiss. The magistrate judge determined that the record contained only conclusory allegations and recommended that the complaint be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Following de novo review by the district court, the magistrate judge's report was adopted and the complaint was dismissed.
 
 
 5
 Upon review, we conclude that dismissal was proper. The claim of racial discrimination was conclusory and unsupported by the record. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under 42 U.S.C. § 1983. Chapman v. City of Detroit, 808 F.2d 459, 465 6th Cir.1986).
 
 
 6
 Moreover, Raines's requests for discovery were properly denied. Raines need not be granted an opportunity to engage in a fishing expedition. See Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir.1989).
 
 
 7
 Claims that Raines was denied access to the courts lack merit. First, he showed no prejudice to any ongoing litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Second, Raines is not entitled to assistance of counsel in civil matters, see Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir.1983), or in preparing a petition for a writ of habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The right of access to the courts requires access to an adequate library or the assistance of counsel, not both. Bounds v. Smith, 430 U.S. 817, 828 (1977); United States v. Smith, 907 F.2d 42, 44 (6th Cir.), cert. denied, 111 S.Ct. 521 (1990). Raines did not show that the library was inadequate. Additionally, Raines lacked standing to complain on behalf of other inmates that they were denied the benefit of his expertise. See Newsom v. Norris, 888 F.2d 371, 381-82 (6th Cir.1989).
 
 
 8
 Finally, Raines's claim of interference with his right of free exercise of religion lacks merit. He essentially claimed that the sight and smell of food overpowered his will to fast. Defendants did not prevent Raines from fasting simply by requiring his presence in the dining hall at meal times.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.