995 F.2d 881
 Bruce Paul CATON, Appellant,
v.
Joe MAZE, Administration Captain, Sergeant Barucher,
Sergeant Barnes, Officer Miller, Officer Herman, Officer
Cathy Shimeraldi, Captain D.D. Williamson, John Doe, Nos.
1-99, Representing Unknown Sarpy County Officers,
Administrators, Employees, Agents and Representatives, Jane
Doe, Nos. 1-99, Representing Unknown Sarpy County Officers,
Administrators, Employees, Agents and Representatives, Appellees.
 No. 93-1569.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 16, 1993.
Decided June 30, 1993.
Rehearing Denied July 29, 1993.
 
 Appeal from the United States District Court for the District of Nebraska; William G. Cambridge, Judge.
 Appellant, pro se.
 John K. Green, Omaha, NE, for appellees.
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bruce Paul Caton appeals the district court's[1] grant of summary judgment in favor of defendant jail officials in this 42 U.S.C. § 1983 action claiming denial of access to the courts. We affirm.
 
 
 2
 On March 24, 1989, Caton was placed in the Sarpy County Jail as a pretrial detainee on charges of robbery, kidnapping, and first degree assault. On March 30, 1989, a public defender was appointed to represent him. Later, however, Caton exercised his Sixth Amendment right to represent himself, and discharged his appointed counsel. Caton alleged in his complaint that thereafter he repeatedly requested access to legal materials in order to prepare his defense, but defendants either provided him with inadequate access to the materials he requested or failed to respond to his requests altogether. Caton alleged that the denial of access to legal materials prejudiced his defense to the criminal charges, which resulted in a wrongful conviction, and that he was entitled to damages.
 
 
 3
 Defendants moved for summary judgment. They attached, inter alia, the affidavit of Captain Dan Williamson, Sarpy County Jail warden, stating that public defenders are available to represent indigent defendants, and to provide research and legal advice to indigent defendants who wish to represent themselves; and that Caton was advised that he should use the public defender system for research. Caton responded by arguing, inter alia, that he had evidence to impeach the credibility of Williamson's affidavit, but he failed to come forward with that evidence. The district court entered summary judgment in favor of defendants.
 
 
 4
 Caton appeals, arguing that he did not knowingly and intelligently waive his right to counsel before his criminal trial, and that the district court erred in granting summary judgment to defendants. Caton filed an appendix containing, inter alia, many documents concerning his first argument. Defendants urge this court to affirm, and filed a motion to strike Caton's appendix.
 
 
 5
 We review de novo a district court's grant of summary judgment. United States, ex. rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). Sarpy County was required to "provide its pre-trial detainees either with 'adequate law libraries or adequate assistance from persons trained in the law.' " Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir.1989) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). Thus, the district court did not err by granting summary judgment to defendants because it is undisputed that the Sarpy County public defender's office was available to conduct research for Caton and Caton was informed of that right. See, e.g., United States v. Smith, 907 F.2d 42, 44-45 (6th Cir.), cert. denied, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 533 (1990); United States; ex rel. George v. Lane, 718 F.2d 226, 230-33 (7th Cir.1983); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978).
 
 
 6
 We conclude that the issue of whether Caton knowingly and intelligently waived his right to counsel and decided to represent himself is not properly before the court at this time. We deny defendants' motion to strike Caton's appendix.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska