56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jerry L. DAVIS, Appellant,
v.
T.J. POWELL, also known as Sonny Powell, Appellee.
 No. 94-3434
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 8, 1995
Filed: May 11, 1995
 
 BOWMAN, WOLLMAN, AND MORRIS SHEPPARD ARNOLD.
 PER CURIAM.
 
 
 1
 Jerry L. Davis appeals the district court's[1] adverse grant of summary judgment in this 42 U.S.C. Sec. 1983 action against T.J. Powell, the sheriff of Sharp County, Arkansas. We affirm.
 
 
 2
 Davis was incarcerated in the Sharp County jail from March 5, 1990, until January 24, 1991. From the time of his arrest until he pleaded guilty to drug charges on November 8, 1990, he was represented by his retained attorney, David Rees. On one occasion, in the early fall of 1990, Davis asked one of the jail employees for a paperback copy of the Arkansas criminal code that Davis believed he had seen on Sheriff Powell's desk. His request was denied. Davis stated that he asked for a copy of the code to research what he believed were problems with his criminal charge. He admitted that he had asked his attorney to research these problems. Davis also admitted having at least two phone conversations with his attorney while he was in jail.
 
 
 3
 Davis filed this section 1983 suit against Powell, alleging that his right of access to the courts had been denied when Powell failed to provide Davis with access to a law library or legal materials, or provide legal assistance. He requested prospective injunctive relief for all future prisoners in the Sharp County jail, and compensatory and punitive damages.
 
 
 4
 The magistrate judge recommended granting summary judgment to defendants, concluding that any failure to provide Davis access to law books and legal materials did not violate his constitutional rights because Davis was represented by counsel. Davis filed timely objections on the same day the district court issued its judgment. The district court, "after careful review of [the magistrate's] findings and recommendations, and the testimony and exhibits presented to the magistrate judge," adopted the magistrate's recommendation, and granted summary judgment to Powell.
 
 
 5
 The district court correctly granted summary judgment to Powell. Pretrial detainees have a right of access to the courts and must be provided either adequate law libraries or adequate assistance from persons trained in the law. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir. 1989) (citing Bounds v. Smith, 430 U.S. 817, 822 (1977)). Because Davis had retained counsel, there was no constitutional requirement to provide other forms of legal assistance as to his criminal charge. Cf. Caton v. Maze, 995 F.2d 881, 881-82 (8th Cir.) (per curiam) (no constitutional violation where pro se criminal defendant was denied access to legal materials when public defenders office available to conduct research and give advice), cert. denied, 114 S. Ct. 447 (1993); United States v. West, 557 F.2d 151, 152-53 (8th Cir. 1977) (per curiam) (no constitutional violation when pro se criminal defendant was denied access to law library when he had stand-by attorney who was to do research for him). Davis may not assert denial-of-access claims on behalf of other prisoners. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).
 
 
 6
 The district court did not abuse its discretion in denying Davis's request that counsel be appointed in this case. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (abuse of discretion review; listing factors relevant to appointment of counsel), cert. denied, 112 S. Ct. 1995 (1992). Further, the magistrate judge did not abuse his discretion in limiting the number of witnesses Davis could call at an evidentiary hearing; Davis's summaries of their proposed testimony demonstrated that the testimony of the uncalled witnesses would have been cumulative. Cf. Williams v. Carter, 10 F.3d 563, 566-67 (8th Cir. 1993) (decision to grant or deny subpoenas for indigent parties pursuant to 28 U.S.C. Sec. 1915(c) is within discretion of trial court).
 
 
 7
 We will not presume that the district court did not review Davis's objections. See United States v. Hamell, 931 F.2d 466, 468 (8th Cir.), cert. denied, 502 U.S. 928 (1991).
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas