57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Raymond R. GREENE, Appellant,
v.
Dave PARKMAN, Sheriff, St. Francis County, Arkansas, Appellee.
 No. 94-3736
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 26, 1995
Filed: June 7, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Raymond R. Greene appeals from the final judgment entered in the District Court for the Eastern District of Arkansas[1] dismissing his 42 U.S.C. Sec. 1983 action claiming defendant sheriff violated his constitutional rights by unlawfully holding him in custody, placing him in "lock down" for no reason, denying him access to a law library, and placing him in a cell with a dangerous inmate. We affirm.
 
 
 2
 Pursuant to 28 U.S.C. Sec. 636(b)(1)(B), the magistrate judge conducted an evidentiary hearing. The evidence showed that in August 1992, Greene was being held as a pretrial detainee in the Crittenden County jail for breaking and entering and for theft. In October 1992, Greene was transferred to the St. Francis County jail. After his arrival, Greene was implicated in the stabbing and beating of his cellmate and he was charged with battery. At all times Greene had appointed counsel to defend him against these charges.
 
 
 3
 After reviewing the district court's factual findings for clear error, see Fed. R. Civ. P. 52(a), and its legal conclusions de novo, see Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993), we conclude the district court properly dismissed Greene's complaint. The record clearly shows that while Greene was detained at the jails he had active charges pending against him. We conclude the district court did not clearly err by finding, based on defendant's testimony, that Greene's placement within the jail was related to legitimate security concerns. Cf. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (no independent constitutional right to remain in general prison population). Because Greene had defense counsel at all times, defendant was not required to provide other forms of legal assistance. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir. 1989); cf. Caton v. Maze, 995 F.2d 881, 881 (8th Cir.) (per curiam) (no constitutional violation where pro se criminal defendant was denied access to legal materials when public defenders office available to conduct research and give advice), cert. denied, 114 S. Ct. 447 (1993). Greene failed to produce any evidence to support his claim that defendant subjected him to dangerous conditions. Finally, we will not consider the speedy- trial and excessive-bail claims Greene raises for the first time on appeal.
 
 
 4
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the findings and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas