62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Carl Edward WILLIAMS, Appellant,
v.
Catherine LANGE, Appellee.
 No. 94-3604.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 7, 1995.
Filed: Aug. 9, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Edward Williams appeals the final order entered in the district court[1] in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In his complaint, Williams, then a pretrial detainee at the Crawford County jail, alleged Catherine Lange, then Crawford County Prosecuting Attorney, denied him due process by making prejudicial pretrial statements to the press, and denied him access to law books and a law library.
 
 
 3
 As to the first claim, we conclude the district court's dismissal was proper because success on this claim would have implied the invalidity of Williams's conviction, and Williams failed to show his conviction had been reversed, expunged, or called into question by issuance of a writ of habeas corpus. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). We note, however, the dismissal should have been without prejudice.
 
 
 4
 Regarding Williams's denial-of-access claim, we conclude summary judgment was proper because the record shows Williams had appointed defense counsel at all times. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir.1989) (no denial of access to courts if pretrial detainee is provided with either " 'adequate law libraries or adequate assistance from persons trained in the law' ") (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)); cf. Caton v. Maze, 995 F.2d 881, 881 (8th Cir.) (per curiam) (no constitutional violation where pro se criminal defendant was denied access to legal materials when public defender's office available to conduct research and give advice), cert. denied, 114 S. Ct. 447 (1993). Williams also failed to produce any evidence to suggest that the denial of access prejudiced his defense against the then- pending charges, or that he was prejudiced in regard to his other pending civil cases. See Flittie v. Solem, 827 F.2d 276, 280 (8th Cir.1987) (per curiam).
 
 
 5
 We reject Williams's claims that discovery had not been sufficiently advanced prior to the grant of summary judgment, see United States v. Light, 766 F.2d 394, 397 (8th Cir.1985) (per curiam), and that the magistrate judge plainly erred in setting forth the facts in his report, see Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir.1994). We also reject as meritless Williams's claim that the district court did not advise him it was treating defendant's response as a cross-motion for summary judgment. We deny appellee's motion to dismiss.
 
 
 6
 Accordingly, we affirm but modify the judgment to dismiss without prejudice Williams's due process claim.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri