Dan **ROBERTS,** Plaintiff,

v.

Steve P. **CHILDS, et al.,** Defendants.

No. 96–1355–WEB.

United States District Court,
D. Kansas.

Jan. 28, 1997.

Memorandum Denying Clarification and Reconsideration Feb. 20, 1997.

Dan Roberts, pro se.

### *Memorandum and Order*

WESLEY E. BROWN, Senior District Judge.

Plaintiff Dan Roberts commenced this action under 42 U.S.C. § 1983 by filing a *pro se* petition for declaratory relief. (Doc. 1). The petition indicates Roberts is currently charged with a criminal offense under state law in Reno County District Court. Although a public defender has been appointed to represent him on the charge, Roberts would like to do his own research because he believes his attorney is overburdened and ineffective. Plaintiff, who is not in custody, alleges that one or more of the defendants have refused to grant him access to the Reno County Law Library, and this refusal forms the basis of his complaint. The matter is now before the court on defendant Judge William Lyle's motion to dismiss.[1] (Doc. 16). The court finds that oral argument would not assist in determining the motion. *See* D.Kan. Rule 7.2.

The complaint alleges that the defendants, acting under color of state law, have deprived plaintiff of three constitutional rights: the right to effective assistance of counsel, the right of access to the courts, and the right to equal protection of the laws. In addition to damages, plaintiff requests relief in the form of a judicial declaration that his attorney has

---

1. Subsequent to the filing of this motion, plaintiff filed a first amended complaint (Doc. 24) that added nine additional defendants and claims for compensatory and punitive damages. Because the allegations in the amended complaint con-

cerning defendant Lyle are virtually the same as those in in the initial petition for declaratory relief, the court will consider the motion to dismiss as it applies to the first amended complaint.

been ineffective and that plaintiff has a right to defend himself in the criminal action, as well as an order mandating his access to the Reno County Law Library.

■ As an initial matter, the court concludes that it must abstain from exercising jurisdiction under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) insofar as the complaint seeks equitable relief concerning plaintiff's right to the effective assistance of counsel, the right to represent himself, or a right of access to the court in the state criminal matter. Federal courts, as a matter of comity, should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Plaintiff has not shown a threat of irreparable injury sufficient to overcome this general policy. If plaintiff is dissatisfied with the assistance his attorney is providing or if he wants to represent himself, he should present those concerns to the trial court in which he stands charged. Should it come to pass that plaintiff is convicted of the charge, he will then have the opportunity in the state courts to present any claim that his conviction resulted from a deprivation of his constitutional rights. If such state remedies are exhausted unsuccessfully plaintiff may then be able to seek relief in federal court. *See* 28 U.S.C. § 2254.

■ As for the balance of the petition, including plaintiff's claims for damages, the court concludes it must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). To prevail under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff's allegations fail to show the deprivation of any such right.

■ Plaintiff's claims for damages arising from the alleged deprivation of the right to effective assistance of counsel or the right to represent himself are not actionable under § 1983 unless they result in his being convicted on the pending criminal charge. Even

then plaintiff would have no claim for damages unless and until the criminal conviction against him was invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383, 394 (1994). Similarly, plaintiff's claim for denial of the constitutional "right of access to the courts" is based on a misunderstanding of what that right entails. The Supreme Court has never held that the Fourteenth Amendment requires a state to provide law library access to persons who are not in the state's custody. *See e.g., Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") At any rate, whatever duty the state has to assure plaintiff's right of access to the courts is satisfied by the appointment of a lawyer to represent him. *See e.g., Love v. Summit County,* 776 F.2d 908, 915 (10th Cir.1985) (detainee plaintiff who had been refused access to a law library had no claim under § 1983 because he had alternative sources of legal assistance available); *U.S. ex rel. George v. Lane,* 718 F.2d 226 (7th Cir.1983) (a state is not required to offer a defendant law library access once it has fulfilled its constitutional obligation to provide him with competent legal assistance); *Caton v. Maze,* 995 F.2d 881, 881–82 (8th Cir.1993) (no constitutional violation where pro se criminal defendant was denied access to legal materials when public defenders' office available to conduct research and give advice); *United States v. Smith,* 907 F.2d 42, 45 (6th Cir. 1990) (state does not have to provide access to a law library to defendants who wish to represent themselves).

■ Plaintiff's claim for denial of equal protection is also unavailing. That claim is based on an allegation that members of the general public, including plaintiff, are refused access to the Reno County Law Library, but that attorneys in the county are permitted to use it. Plaintiff contends this classification violates his right to equal protection.

■ The court first notes that plaintiff's own allegations show he has not been completely denied access to the law library. The complaint alleges that defendant Lyle told him that "the public defender could accompany petitioner in the library if that was necessary." *Complaint,* ¶ 44. Where, as here, a state statute or policy does not involve a suspect classification or a fundamental constitutional right, all the Equal Protection Clause requires is that the policy classify the persons it affects in a manner rationally related to legitimate governmental objectives. *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–81, 67 L.Ed.2d 186 (1981). The classification complained of by plaintiff satisfies this requirement. Pursuant to state law, registered attorneys in the county are required to pay fees that are used to establish and maintain the library. K.S.A. §§ 20–3126 & 20–3127. The court concludes that this registration fee requirement, when considered together with the specialized purpose of a law library and the administrative concerns associated with use of the library by the general public,[2] provide a rational basis upon which the state may, if it chooses, limit use of such a library to those registered attorneys who pay a fee to maintain it or to those accompanied by such a person.

■ Finally, the court notes that the Kansas statute governing administration of county law libraries provides in part: "The board of trustees [charged with management and control of the library] shall develop guidelines to provide members of the public reasonable access to the law library." K.S.A. § 20–3127(a). The court expresses no opinion as to whether this statute could be construed as granting a right of access to members of the public. Even assuming it does, the deprivation of such a right would not be cognizable under § 1983 because it is not a right secured by the Constitution or laws of the United States. *See e.g., Williams v. Treen,* 671 F.2d 892 (5th Cir.1982) (violation of state law alone does not give rise to a

cause of action under § 1983); *Moore v. Kusper,* 465 F.2d 256 (7th Cir.1972) (to invoke jurisdiction of the federal courts under § 1983, plaintiff must allege more than the mere failure of state officials to follow state law).

*Conclusion.*

Defendant William Lyle's Motion to Dismiss (Doc. 16) is hereby GRANTED.

### Memorandum and Order on Motion

This matter is before the court on plaintiff's motion for clarification and reconsideration. (Doc. 38). The court finds that the motion should be denied.

Plaintiff first contends that the court's memorandum and order of January 28, 1997, requires clarification because it was unclear as to whether that ruling applied to all defendants or only to defendant Lyle. The previous ruling requires no clarification; it granted only defendant William Lyle's motion to dismiss.

Plaintiff also seeks reconsideration of the court's ruling. Plaintiff believes the court ignored his allegation that he is being deprived of the right to effective assistance of counsel in the criminal proceeding against him in state court. For the reasons expressed previously, the court concludes that it should abstain under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) insofar as plaintiff seeks equitable relief concerning his rights, including the right to counsel, in the ongoing state criminal proceeding. Plaintiff has not alleged the type of extraordinary circumstances that would take his case outside of *Younger.* As this court stated in its memorandum: "[i]f plaintiff is dissatisfied with the assistance his attorney is providing or if he wants to represent himself, he should present those concerns to the trial court in which he stands charged." *Mem. and Order* at 925.[1]

---

2. According to plaintiff's complaint, officials in Reno County told him the library "had been closed to the public for several years due to books having been stolen from it." *Complaint,* ¶ 33. Plaintiff does not assert that this concern is an illegitimate one.

1. The court takes note of plaintiff's new assertion that the "public defender [previously appointed to represent him] and another have withdrawn from representing plaintiff." Pl. Mem. at 4. Although the circumstances surrounding these withdrawals are not set forth, the court again

Plaintiff also questions whether his claim for damages arising from the alleged deprivation of the right to effective assistance of counsel is barred, as the court suggested, by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Again, the court concludes that this alleged deprivation does not give rise to a claim for damages unless it causes plaintiff's conviction on the criminal charge. Moreover, even assuming that it does lead to plaintiff's conviction, the claim will still be barred by *Heck* because in order to establish ineffective assistance plaintiff would necessarily have to prove actions whose unlawfulness would render his conviction invalid.[2] *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (A claim for ineffective assistance of counsel requires a showing of prejudice; i.e., a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.). *See also Heck,* 512 U.S. at 486, 114 S.Ct. at 2372, 129 L.Ed.2d at 394 (In order to recover damages for an allegedly unconstitutional conviction, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.)

*Conclusion.*

Plaintiff's motion for clarification and for reconsideration (Doc. 38) is DENIED.

concludes that plaintiff will have an adequate opportunity in the state court to raise any questions concerning his right to the effective assistance of counsel and that the exercise of equitable jurisdiction by this court at this time would be improper under *Younger.*

2. In addition to the numerous other reasons why this claim fails, it is also subject to dismissal under Rule 12(b)(6) because it does not identify any specific acts or omissions by plaintiff's attorney that are outside the range of professionally competent assistance. The fact that an attorney "has fifty open cases" says nothing about whether the assistance he renders in a particular case is constitutionally effective. *See Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2065–66 (A claim for ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.)