In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00082-CR
______________________________

MILES SPIRO MIJALIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee

                                              

On Appeal from the County Court at Law #1
Gregg County, Texas
Trial Court No. 2003-2623

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

            Miles Spiro Mijalis was convicted by a jury of driving while intoxicated and assessed
punishment of 160 days' confinement in county jail and a $2,000.00 fine.
            Mijalis has died. His counsel has filed a motion to abate the appeal and forwarded a copy
of Mijalis's obituary to this Court. The death of an appellant during the pendency of his or her appeal
deprives this Court of jurisdiction, and the proper action by this Court is to permanently abate the
appeal. Tex. R. App. P. 7.1(a)(2); Freeman v. State, 11 S.W.3d 240 (Tex. Crim. App. 2000); Ryan
v. State, 891 S.W.2d 275 (Tex. Crim. App. 1994). 
            The motion to abate appeal is granted, and we permanently abate the appeal of this case.

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 15, 2004
Date Decided:             November 16, 2004

Do Not Publish

ies or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828
(1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996). However, in Lewis,
518 U.S. at 351 & 355, the Court went on to explain that Bounds "did not create an abstract,
freestanding right to a law library" and that Bounds "does not guarantee inmates the wherewithal to
transform themselves into litigating engines." 

 Further, many federal circuit courts have held that a prisoner who knowingly and voluntarily
waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law
library. "[H]aving rejected the assistance of court-appointed counsel, [a defendant] ha[s] no
constitutional right to access a law library in preparing the pro se defense of his criminal trial." 
United States v. Whittington, No. 03-50150, 2008 U.S. App. LEXIS 5219, at *37 (5th Cir. 2008),
(quoting Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam)); United States v. Smith,
907 F.2d 42, 45 (6th Cir. 1990) (State does not have to provide access to a law library to defendants
who wish to represent themselves); United States ex rel. George v. Lane, 718 F.2d 226, 233 (7th Cir.
1983) (state was not required to offer a defendant law library access once it offered the defendant
assistance of counsel, which the defendant declined); United States v. Wilson, 690 F.2d 1267, 1271
(9th Cir. 1982) (a prisoner's Sixth Amendment right to self-representation does not include a right
to conduct research at the government's expense); United States v. Chatman, 584 F.2d 1358, 1360
(4th Cir. 1978) (obligation to provide access to the courts was satisfied by offering the defendant the
assistance of counsel). "In the instant case, an attorney was appointed to represent appellant, and
even after appellant's request to represent himself was granted, this attorney was instructed by the
trial court to continue as standby counsel. Thus, appellant was provided adequate assistance from
persons skilled in the law." Bright v. State, 585 S.W.2d 739, 744 (Tex. Crim. App. [Panel Op.]
1979).

 In the instant case, Johnson was provided with appointed counsel. According to the
testimony, his appointed counsel had met with him on many occasions and had advised him. 
Johnson, however, was not hearing what he wanted to hear from the appointed counsel. Even during
the period before he indicated to the trial court that he wanted to represent himself, Johnson was
filing numerous (often inappropriate) motions and lists of many, many witnesses which he indicated
that he wanted to have subpoenaed to the trial (including Oprah Winfrey). Johnson then decided that
he could do a better job representing himself. Even after he elected to proceed pro se, the trial court
instructed appointed counsel to attend the trial so he could step in and assist Johnson, if and when
Johnson then decided this was the appropriate thing to do. The State was not then obligated to also
provide Johnson with access to a law library. Johnson was entitled either to have counsel appointed
for him or to be allowed access to a law library; if he rejects the offer of appointed counsel, he is not
then entitled to access to a law library. The contention of error is overruled.

REFUSAL TO GRANT CONTINUANCE

 Johnson also complains because the trial court did not grant his motion for continuance, and
under a separate point of error also complains because the court left the trial set for the prior date. 
The contentions are, essentially, both complaints because the court declined to delay the trial further. 
We thus address the issue as involving the court's ruling on Johnson's motion for continuance. 

 A trial court's ruling on a motion for continuance is reviewed for abuse of discretion. 
Heiselbetz v. State, 906 S.W.2d 500 (Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann. arts.
29.03, 29.06(6) (Vernon 2006). To establish an abuse of discretion, there must be a showing that
the defendant was actually prejudiced by the denial of his motion. Janecka v. State, 937 S.W.2d 456,
468 (Tex. Crim. App. 1996); Heiselbetz, 906 S.W.2d at 511.

 Further, the Texas Court of Criminal Appeals has held that a motion for continuance must
be made in writing, and must be sworn, otherwise any complaint is waived. Dewberry v. State,
4 S.W.3d 735, 755 (Tex. Crim. App. 1999).

 Johnson filed his final motion for continuance on August 13, 2007, seven days before the
fifth trial setting. (2) Although it was made in writing, it was not sworn. It, therefore, presents nothing
for this Court's review. Even if it had been a sworn motion in proper form, Johnson's action in
waiting until so shortly before trial to demand to act pro se was a decision attributable solely to him,
and in such an instance, we cannot conclude that the trial court abused its discretion by concluding
that no additional delays should be permitted, and the trial commence as ordered. See Splawn v.
State, 160 S.W.3d 103, 108 (Tex. App.--Texarkana 2005, pet. ref'd), cert. denied, 547 U.S. 1136
(2006). 

 Johnson also suggests that he was denied his right of access to the courts because the court
declined to provide him with more than ten days before his trial commenced, and that by so doing,
essentially required him to enter a plea because he could not adequately prepare for trial. Counsel
bases his argument largely on the federal speedy trial act (3) and upon general right to meaningful access
to the courts. He does, however, acknowledge (and we agree) that the federal act is not controlling
on a state prosecution. Counsel argues generally that allowing a pro se defendant only ten days to
prepare for trial is obviously the denial of a fair trial. We point out simply that this situation was
caused by Johnson, not by the courts. After multiple continuances, Johnson decided only ten days
before trial that he wanted to represent himself rather than allow his counsel to proceed. 
Constitutional protections connected with the right to counsel may not be so manipulated as to delay
or obstruct the trial process. See Dunn v. State, 819 S.W.2d 510, 518-19 (Tex. Crim. App. 1991). 

 The contention of error is overruled.

 We affirm the judgment.

 Bailey C. Moseley

 Justice

Date Submitted: March 24, 2008

Date Decided: April 30, 2008

Publish

1. The trial date had already been set for one week from the date of the grant of this request and
the trial date was not changed.
2. Johnson and his counsel each filed two motions for continuance. The fourth motion (filed
by Johnson) is the one addressed herein.
3. U.S.C.A. 3161(c)(2).