[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11440
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00147-JRH-WLB

NATHAN SMITH,

Plaintiff-Appellant,

versus

GARY HUTCHINS,
Sheriff,
EDWARD J. TARVER,
United States Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 12, 2011)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Nathan Smith appeals pro se from the district court's dismissal of his civil rights action against Gary Hutchins, Sheriff of Jefferson County, and Edward Tarver, United States Attorney for the Southern District of Georgia, brought pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), for failure to state a claim upon which relief may be granted.[1]  After review, we affirm.

## I.  BACKGROUND

In the Southern District of Florida, Smith was indicted for bank robbery in violation of 18 U.S.C. § 2113(a) and possession of a stolen motor vehicle in violation of 18 U.S.C. § 2313.  On May 7, 2009 Smith was arrested.  On May 21, 2009, the district court ordered that he be held in federal custody without bond pending trial.  The district court appointed attorney Matthew Waters to represent Smith.  Waters is an attorney in Wrightsville, Georgia.

On August 27, 2009, Smith sought to proceed pro se and waived his right to

---

[1]Although Smith brought his claims against Tarver and Hutchins pursuant to 42 U.S.C. § 1983, the district court construed his complaint as an attempt to state a claim under Bivens, as his complaint alleges deprivations of his constitutional rights while he was being held in federal custody.

2

legal representation. At that time, the district court allowed Smith to proceed pro se but directed that attorney Waters act as standby counsel and give advice on procedural matters. On September 2, 2009, pending trial, Smith was transferred to Jefferson County Law Enforcement Center ("Jefferson County LEC") in Louisville, Georgia. On September 23, 2009, a jury trial was held, and Smith was convicted on both counts. Attorney Waters acted as standby counsel for defendant Smith during the criminal trial in court. After his conviction, Smith remained at the Jefferson County LEC.[2] We note that Smith has raised no argument that his waiver of counsel was not knowing, voluntary, and intelligent.

On November 18, 2009, while still at the Jefferson County LEC, Smith filed this lawsuit against Gary Hutchins, Sheriff of Jefferson County, and Edward J. Tarver, United States Attorney for the Southern District of Georgia.[3] Smith's complaint alleged that during his pre-trial detention at Jefferson County LEC, he had no access to legal materials or a law library, and he was therefore unprepared to defend himself during his criminal trial. Smith stated that he brought the claim against Sheriff Hutchins because the Jefferson County LEC had no law library or

---

[2]Smith alleges that he remained at the Jefferson County LEC until approximately April 15, 2010.

[3]Smith referred to Tarver as "Attorney General" in his complaint, but Tarver is a United States Attorney.

access to legal materials, and against U.S. Attorney Tarver because Tarver failed to ensure that the Jefferson County LEC provided access to legal materials while Smith was in federal custody.[4] Smith sought, inter alia, a court order that a law library be established at Jefferson County LEC and $1,000,000 in punitive damages. Smith sought and was granted leave to proceed in forma pauperis ("IFP").

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the district court dismissed Smith's complaint without prejudice after concluding that he failed to state a viable claim for relief. Specifically, the district court concluded that an individual who is provided counsel but nevertheless elects to proceed pro se in a criminal prosecution is not constitutionally entitled to access to a law library or legal materials during his pre-trial detention.

Smith now appeals the district court's dismissal of his claim that he was unconstitutionally deprived the right to access a law library while held at Jefferson County LEC.

---

[4] Smith also brought a claim for "discrimination against minorities housed" at Jefferson County LEC, and later sought to amend his complaint to include a claim regarding deficiencies in the ventilation system at the jail. Smith makes no arguments regarding these claims on appeal and thus, they are deemed abandoned. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (party abandons an issue if not raised in initial brief).

## II. DISCUSSION

### A.    Sua Sponte Dismissals

The district court must dismiss an in forma pauperis complaint at any time if it determines that, inter alia, the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, 28 U.S.C. § 1915A provides that a court "shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. § 1915A(a). Upon review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Id. § 1915A(b)(1).

We review de novo dismissals for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "[W]e [] apply [Federal Rule of Civil Procedure] 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." Mitchell, 112 F.3d at 1490. We must view all of the facts alleged in the complaint as true. Id. Finally, "[p]ro se pleadings are held

5

to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Although Smith's complaint does not cite any particular constitutional provision, his brief on appeal cites both the Fifth and Sixth Amendments. Thus, we broadly construe his claim and address his right of access to a law library under both Amendments.

## B. Sixth Amendment Right to Waive Counsel

Federal criminal defendants have both statutory and Sixth Amendment rights to waive counsel and represent themselves when they voluntarily and intelligently so elect. 28 U.S.C. § 1654; Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975). However, the right to proceed pro se in a criminal trial does not imply there are additional rights to access legal materials or law libraries. "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." Faretta, 422 U.S. at 835, 95 S. Ct. at 2541; see United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("We find that by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library."); United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982) ("We decline to interpret the right to

6

self-representation under the Sixth Amendment to include a right to conduct one's own research at government expense.").

Thus, to the extent that Smith argues that his Sixth Amendment rights were violated due to the lack of a law library at Jefferson County LEC, his complaint fails to state a claim. Smith had the option of being represented by counsel but chose to proceed pro se, during which time his appointed counsel remained on duty as standby counsel. Given the particular facts of this case, the Sixth Amendment does not grant Smith a right to access a law library at Jefferson County LEC in order to prepare his defense.

## C.    Right of Access to Courts

"It is now clearly established that prisoners have a constitutional right of access to the courts." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977)). In Bounds v. Smith, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S. Ct. at 1498. Although the majority opinion in Bounds did not identify the constitutional provision underlying the right of access to the

7

courts, this Court has indicated that the constitutional right of access to the courts is "grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Al-Amin v. Smith, 511 F.3d 1317, 1325 n.17 (11th Cir. 2008) (quotation marks omitted).

Importantly, however, Bounds holds that access to law libraries is not mandatory to provide meaningful access to the courts in the context of filing habeas petitions or civil actions, where legal counsel is provided as an alternative: "[W]hile adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here . . . does not foreclose alternative means to achieve that goal," such as the provision of professional legal assistance to prisoners. 430 U.S. at 830-31, 97 S. Ct. at 1499. "[A] legal access program need not include any particular element we have discussed . . . ." Id. at 832, 97 S. Ct. at 1500; see also Hooks v. Wainwright, 775 F.2d 1433, 1435 (11th Cir. 1985) (concluding state need not provide prisoners assistance of counsel in addition to libraries for purpose of filing collateral suits, stating, "it is noteworthy that Bounds refers to law libraries or other forms of legal assistance, in the disjunctive, no fewer than five times.").

We have held that a criminal defendant who seeks to proceed pro se has no right to access a law library to aid him in his own defense at trial where he has

already been provided the option of legal counsel.[5]  See Edwards v. United States, 795 F.2d 958, 961 & n.1, 3 (11th Cir. 1986) (rejecting habeas petitioner's claim he was denied access to a law library during criminal trial where he had elected to proceed pro se with standby counsel, concluding, "When counsel is offered, the alternative of a library is not mandatory") (citing Bounds, 430 U.S. at 828, 97 S. Ct. at 1498); see also Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (affirming dismissal of a § 1983 suit by a prisoner after concluding that he "had no constitutional right to access a law library in preparing the pro se defense of his criminal trial"); United States ex rel. George v. Lane, 718 F.2d 226, 233 (7th Cir. 1983) (holding that where pre-trial detainee is offered appointed counsel and instead proceeds pro se, there is no constitutional right mandating that the prisoner be provided access to a law library); Wilson, 690 F.2d at 1272 ("The offer of court-appointed counsel to represent Wilson satisfied the Fifth Amendment

_____

[5]Because Bounds addressed only the issue of access to the courts in the context of inmates filing civil actions or habeas petitions for post-conviction relief, some courts have held that Bounds has no applicability to defendants representing themselves in criminal proceedings.  See Smith, 907 F.2d at 44 ("Clearly, then, the only application that Bounds has to pretrial detainees would be in civil matters because access to an adequate law library would never suffice as a constitutionally permissible replacement by the government for the right to the assistance of counsel in a criminal trial absent a voluntary waiver of counsel."); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978) ("Bounds, of course, has no direct application to defendant.  He was accused of crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief.").  Regardless of whether Bounds applies to pre-trial detainees, we conclude in this case Bounds does not require access to a law library where Smith had the option of assistance of appointed counsel.

9

obligation to provide meaningful access to the courts"); <u>United States v. Chatman</u>, 584 F.2d 1358, 1360 (4th Cir. 1978) (rejecting argument that <u>Bounds</u> provides a defendant who has waived his right to counsel the "right to access to legal matters to prepare his defense" or obligates the government to provide such access).

Because Smith voluntarily and intelligently waived his right to counsel, Smith had no constitutional right to access a law library and other legal resources during his pre-trial detention. Thus, the district court properly dismissed his complaint for failure to state a claim upon which relief can be granted. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**