THE STATE, EX REL. RALSTON, APPELLANT, *v.*
HILL, JUDGE, APPELLEE.

[Cite as State, ex rel. Ralston, v. Hill (1981),
65 Ohio St. 2d 58.]

(No. 80-1545—Decided March 25, 1981.)

*Mr. Edmund S. Lee,* for appellant.
*Mr. Robert A. Jones,* prosecuting attorney, and *Ms.
Stephanie A. Wyler,* for appellee.

*Per Curiam.* This court has held in a long line of cases
that the state has a duty to provide an indigent defendant with
only a single trial transcript for the purpose of an effective
appeal. *E.g., State* v. *Frato* (1958), 168 Ohio St. 281; *State, ex
rel. Vitoratos,* v. *Walsh* (1962), 173 Ohio St. 467; *State, ex rel.
Terrell,* v. *Court* (1963), 174 Ohio St. 209; *State, ex rel.
Vitoratos,* v. *Morris* (1970), 22 Ohio St. 2d 3.

Appellant essentially contends that *Griffin* v. *Illinois* (1956), 351 U. S. 12, and its progeny overrule those cases of this court, *supra,* and now require that multiple free transcripts may be in order for an indigent defendant. We disagree.

"*Griffin* v. *Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt* v. *North Carolina* (1971), 404 U. S. 226, 227. See, also, *State* v. *Arrington* (1975), 42 Ohio St. 2d 114, 116.

Appellant was provided with a basic tool for his appeal when Judge Hill granted his request for a single trial transcript. The constitutional requirements were met and, thus, Judge Hill was not under a clear duty to provide a second transcript for appellant. *State, ex rel. Terrell, supra,* at page 210. Therefore, the Court of Appeals properly denied appellant's request for a writ of mandamus.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.