802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS WARD, Plaintiff-Appellant
v.
SHARON LONG, ET AL., Defendants-Appellees.
 No. 85-3683.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 1
 BEFORE: MARTIN and JONES, Circuit Judges; COHN, District Judge*
 
 ORDER
 
 2
 Thomas Ward timely filed this pro se appeal from the July 31, 1985 Order of the district court granting summary judgment to the defendants in this civil rights action brought pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs filed by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Ward, an Ohio state prisoner, was convicted by a jury in the Summit County Common Pleas Court, on July 22, 1982, of involuntary manslaughter and felonious assault. He was sentenced to concurrent terms of 5 to 25 and 5 to 15 years, respectively. At the time of sentencing, the trial court appointed trial counsel to represent Ward on appeal; however, on July 30, 1982, Ward filed a pro se notice of appeal to the Ohio Court of Appeals. On August 6, 1982, on Ward's motion for counsel, the Court of Appeals appointed defendant Douglas Powley to represent Ward on appeal. The Court also overruled Ward's motion for trial transcript at state expense, stating that it should be directed to the trial court and to Ward's counsel. On October 8, 1982, the Common Pleas Court and Akron Municipal Court transcripts were filed in the Court of Appeals. On that same date, defendant Powley filed a motion to withdraw as counsel and attached a handwritten letter he received from Ward which indicated that Ward no longer needed Powley's services and that he would find someone else to represent him. The Court of Appeals granted Powley's motion on October 14, 1982, and the court sua sponte ordered that appellant's brief be filed on or before November 4, 1982. The district court found that on November 17, 1982, the Court of Appeals served Ward with notice to show cause why his appeal should not be dismissed pursuant to Ohio R. App. Proc. 18(a) for failure to prosecute, and on November 23, 1982 Ward's appeal was dismissed.
 
 
 4
 Ward then brought this Sec. 1983 action against Sharon Long, the Assistant Prosecuting Attorney, Judge Theodore Price of Summit County Common Pleas Court, James McCarthy, Summit County Clerk of Courts, and Douglas J. Powley, his former appointed counsel, alleging violations of his rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments. Specifically, Ward alleges that although Judge Price ordered the Clerk of Courts to provide Attorney Powley with a copy of the transcript of proceedings, the Court of Appeals dismissed the appeal because his attorney failed to secure the transcript. The district court construed Ward's complaint as a claim that the defendants failed to provide him with his own copy of the trial transcript and granted summary judgment in favor of defendants.
 
 
 5
 The record shows that the transcript of trial proceedings was filed with the Court of Appeals on October 8, 1982, in accordance with Ohio Revised Code, Section 2953.03. Notice of the filing was given to Ward's attorney, and the record shows that Ward also was given notice that the transcript had been filed. The Supreme Court of Ohio has held that after complying with Ohio Revised Code, Section 2953.03, "the state has a duty to provide an indigent defendant with only a single trial transcript for the purpose of an effective appeal." State, ex rel. Ralston v. Hill, 65 Ohio St. 2d 58, 417 N.E. 2d 1380 (1981). The state met this duty when the trial transcript was filed in the Court of Appeals at state expense.
 
 
 6
 As the district court noted, however, effective appeal also includes the appointment of counsel on direct appeal. Douglas v. California, 372 U.S. 353 (1963). The record in this case shows that Ward had two different attorneys appointed to represent him on appeal. When he dismissed his second appointed counsel he made no attempt to obtain new or alternate counsel. Ward also made no attempts to process his direct appeal pro se by filing an appellate brief or seeking any other assistance from the court. The district court correctly ruled that any failure to obtain effective appellate review cannot be ascribed to the defendants in this case. When an incarcerated appellant proceeds with his appeal pro se the state's obligation to insure full and effective appeal is satisfied by the availability of appointed counsel and the provision of a trial transcript at state expense.
 
 
 7
 Accordingly, it is ORDERED that the judgment of the district court is affirmed for the reasons set forth in the district court order of July 31, 1985. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation