THE STATE, EX REL. GREENE, APPELLANT, *v.*
ENRIGHT, CLERK OF COURTS, APPELLEE.

[Cite as *State, ex rel. Greene, v. Enright* (1992), 63 Ohio St.3d 729.]

(No. 91–1723—Submitted October 15, 1991—Decided May 27, 1992.)

---

*Drexell A. Greene*, pro se.

*Michael Miller*, Prosecuting Attorney, *Jeffrey L. Glasgow* and *Elizabeth A. Scott*, for appellee.

*Per Curiam.* Greene alleges that he was effectively denied his constitutional right of appeal, *pro se*, since, without access to the transcript, he was not able to prepare his brief. The court of appeals held otherwise. We concur and affirm the judgment of the court of appeals.

The fundamental constitutional right of access to the courts requires that prisoners have a meaningful opportunity to present claims to the courts. *Bounds v. Smith* (1977), 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72. Therefore, when a state grants persons convicted a direct appeal as of right, equal protection and due process of law require that a state furnish appellate courts with trial transcripts in cases involving indigent defendants when transcripts are needed for a full and effective defense on appeal. *Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *State, ex rel. Seigler, v. Rone* (1975), 42 Ohio St.2d 361, 361–362, 71 O.O.2d 328, 328–329, 328 N.E.2d 811, 812.

It is undisputed that a copy of the trial transcript was forwarded by appellee to the court of appeals without charge to Greene. Furthermore, in

his brief, Greene concedes that the state is under a duty to file at state expense only a *single* transcript with the court of appeals. *State, ex rel. Ralston, v. Hill* (1981), 65 Ohio St.2d 58, 19 O.O.3d 256, 417 N.E.2d 1380.

For a writ of mandamus to issue, the relator must demonstrate that three specific circumstances exist: first, that he has a clear right to the relief prayed for; second, that the respondent is under a clear legal duty to perform the act requested; and third, that the relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50–51, 451 N.E.2d 225, 226–227. Greene has failed to establish that he has a clear legal right to the relief prayed for and that the appellee was under a clear legal duty to perform the act requested.

This case involves the interplay between the constitutional right of access to the courts, *Bounds, supra,* 430 U.S. at 821, 97 S.Ct. at 1494, 52 L.Ed.2d at 78, and the right to self-representation under the Sixth and Fourteenth Amendments, *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. *Bounds* requires prison officials to provide an inmate with adequate law libraries *or* adequate assistance from persons trained in law, in order to assist in the preparation for filing meaningful legal papers. 430 U.S. at 828, 97 S.Ct. at 1498, 52 L.Ed.2d at 83. Conversely, in *Faretta,* the court held that the Sixth Amendment guarantees not only the absolute right to counsel to a criminal defendant but also a right to self-representation. 422 U.S. at 807, 821, 95 S.Ct. at 2527, 2534, 45 L.Ed.2d at 566, 574. However, the court conditioned the right to self-representation on the defendant's knowing and intelligent waiver of the right to counsel. *Id.* at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. In *Faretta,* the court stated:

"When an accused manages his own defense he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Id.*

As a result of his actions, Greene knowingly and intelligently refused assistance of counsel appointed for him and, in doing so, he relinquished many of the benefits associated with the right to counsel as declared in *Faretta,* among them, the ability to gain easy access to the transcript.

In *United States v. Smith* (C.A.6, 1990), 907 F.2d 42, 44–45, the Sixth Circuit Court of Appeals addressed the issue of whether a defendant who voluntarily waives his right to counsel, as well as his standby counsel, is entitled to access to a law library pursuant to the Sixth and Fourteenth Amendments. The court concluded that no interplay between *Bounds* and *Faretta* existed. The court distinguished the two cases by stating that

*Bounds* recognized the inmate's constitutional right of access to courts in a *civil* action, while *Faretta* recognized a criminal defendant's right to represent himself.

Furthermore, the court found that *Bounds* had no application whatsoever concerning whether a criminal defendant who has voluntarily waived his right to counsel is entitled to access to a law library. Following *Faretta*, the *Smith* court held that when a criminal defendant knowingly and intelligently waives his right to counsel, he relinquishes the right to access to the law library.

The Sixth Circuit Court of Appeals reaffirmed the *Smith* decision in *United States v. Sammons* (C.A.6, 1990), 918 F.2d 592, 602, again declaring that a state does not have to provide access to a law library to defendants in a criminal trial who wish to represent themselves. See, also, *United States v. Chatman* (C.A.4, 1978), 584 F.2d 1358, 1360.

Moreover, in *United States v. Wilson* (C.A.9, 1982), 690 F.2d 1267, 1271, the court held that the right to self-representation did not imply a right of access to legal facilities and the materials necessary to prepare legal arguments and documents.

Accordingly, Greene has failed to demonstrate that he had a clear legal right to and that Enright was under a clear legal duty to perform the requested act. Pursuant to App.R. 10(B)(7), the clerk of the trial court must transmit the record to the clerk of the court of appeals within ten days after the appellant has filed his notice of appeal. We hold that the appellee fulfilled his duty by transmitting the record within the prescribed time and was under no duty to provide an additional copy of a trial transcript to Greene, in addition to the copy filed with the court of appeals.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.