**Drexel GREENE, Petitioner–Appellee,**

v.

**Anthony J. BRIGANO, Warden,
Respondent–Appellant.**

**No. 95–4236.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 16, 1996.

Decided Aug. 22, 1997.

---

1. *Swanks* also holds that "any backpay award could be reduced to the extent necessary to avoid double recovery."

918

Jeffrey S. Sutton (argued and briefed), State Solicitation Administration, Columbus, OH, for Appellant. Michael L. Collyer, (briefed), Office of the Attorney General of Ohio, Cleveland, OH, for Appellant.

Thomas R. Wetterer, Jr., (argued and briefed), Public Defender'S Office, Ohio Public Defender Commission, Columbus, OH, for Appellee.

Before: SILER, MOORE, and COLE, Circuit Judges.

COLE, Circuit Judge.

Respondent, the State of Ohio, appeals a district court order granting a conditional writ of habeas corpus to Petitioner Drexell A. Greene, an inmate housed at Ohio's Warren Correctional Institution. The district court held that the State's refusal to provide Greene with a copy of, or access to, the trial transcript in his case violated his Fourteenth Amendment rights to due process and equal protection, and conditionally granted Greene's petition for a writ of habeas corpus unless the State reinstated Greene's appeal and provided him a copy of that transcript. For the following reasons, we AFFIRM the decision of the district court.

## I.

On May 4, 1990, Drexell Greene was convicted of murder in the Court of Common Pleas of Franklin County, Ohio and was sentenced to a term of imprisonment of fifteen years to life. Thereafter, Greene filed a pro se notice of appeal from the judgment of conviction and requested the appointment of counsel and a transcript of the proceedings at the State's expense.

On June 22, 1990, the Ohio Court of Appeals for the Tenth Appellate District denied Greene's request for the appointment of counsel because Greene's trial attorney had already been assigned to represent him for purposes of appeal. The Court of Appeals then directed Greene's counsel to take the necessary "steps to secure the production of the transcript...." Greene's counsel subsequently filed a request for the preparation of a trial transcript and requested an extension of time to file an appellate brief. The Ohio Court of Appeals granted counsel's request, extending Greene's deadline for filing his brief to October 25, 1990.

By September 1990, Greene became dissatisfied with his attorney, filed a complaint against him with the Ohio Supreme Court's Disciplinary Counsel, and requested leave to dismiss his counsel and proceed pro se. On October 3, 1990, the Ohio Court of Appeals granted Greene's motion.

After learning that the transcript had been completed and filed in the court of appeals, Greene requested that the Clerk of Courts for the Franklin County Court of Common Pleas send a copy of the transcript to him at the Warren Correctional Institution. On October 24, 1990, Greene filed a motion with the Ohio Court of Appeals requesting an extension of time to file his appellate brief. The court granted Greene's request for an extension of time but warned him that he must file his appellate brief by November 9, 1990 or his appeal would be dismissed.

The Clerk of Courts subsequently refused to prepare and send a copy of the transcript to Greene.[1] Claiming that he was unable to prepare an appellate brief without a copy of the transcript, Greene failed to file his brief by the November 9 deadline. Thereafter, the Ohio Court of Appeals dismissed Greene's appeal for want of prosecution.

On December 17, 1990, Greene filed an application with the court of appeals requesting reconsideration. Greene also filed a petition for a writ of mandamus to compel the Clerk of Courts to forward a copy of the trial transcript to him so that he could review the transcript and prepare an appellate brief. The court consolidated the motion for reconsideration and the petition for mandamus and denied both, concluding that Greene had relinquished any right of access to a copy of the transcript by knowingly and intelligently waiving the assistance of appellate counsel. On May 27, 1992, the Ohio Supreme Court affirmed the judgment of the court of appeals. *See State ex rel. Greene v. Enright,* 63 Ohio St.3d 729, 590 N.E.2d 1257 (1992).

Pursuant to 28 U.S.C. § 2254, Greene filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio. In his petition, Greene— now represented by counsel—contested his conviction and argued that by failing to provide him a copy of the trial transcript, the State of Ohio had violated his constitutional rights. Concluding that the State's failure to provide Greene access to, or a copy of, the trial transcript violated his Fourteenth Amendment rights to due process and equal protection, a magistrate judge recommended that the district court grant Greene's petition for a writ of habeas corpus.

The district court subsequently adopted the magistrate judge's report and directed Greene's counsel to file a motion to reinstate the appeal and obtain access to the trial transcript. In its order, the district court concluded: "In the event the appeal is not reinstated or petitioner is not afforded access to the trial transcript within sixty (60) days of the filing of the petitioner's motion, his petition for writ of habeas corpus will be GRANTED."

The State has timely appealed the judgment of the district court. We granted the State's motion for a stay of the district

---

1. Ohio law requires the preparation of only one transcript, which is to be filed with the court of appeals. *See State ex rel. Ralston v. Hill,* 65 Ohio St.2d 58, 417 N.E.2d 1380 (1981).

court's order and now address the merits of the State's appeal.

## II.

We review de novo a district court's decision to grant a writ of habeas corpus. *Serra v. Michigan Dep't of Corrections,* 4 F.3d 1348, 1350 (6th Cir.1993). However, "[we] review any findings of fact made by the district court only for clear error." *Wright v. Dallman,* 999 F.2d 174, 178 (6th Cir.1993). "A factual finding will only be clearly erroneous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen,* 997 F.2d 1150, 1152 (6th Cir.1993) (citations omitted).

## III.

The State of Ohio contends that the district court erred in granting Greene a conditional writ of habeas corpus. Although the State concedes that Greene has a right to proceed pro se on appeal, it argues that he is not entitled to a free copy of his trial transcript for purposes of preparing that appeal. Because Greene was offered the assistance of appellate counsel who could have obtained a trial transcript without charge, the State argues that Greene was offered the ability to appeal effectively his conviction and, thus, was denied neither due process nor equal protection. We disagree.

In *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the United States Supreme Court held that, to satisfy the dictates of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, a state may not condition a defendant's exercise of a right to appellate review upon his ability to pay for that right. *Id.* at 18–20, 76 S.Ct. at 590–91. Accordingly, "*Griffin* and its progeny command that a State must 'provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners.'" *Riggins v. Rees,* 74 F.3d 732, 735 (6th Cir.1996) (quoting *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971)).

In *Britt v. North Carolina,* the Supreme Court held that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense₀or appeal." 404 U.S. at 227, 92 S.Ct. at 433. In assessing an indigent defendant's claim of right to a free transcript, the *Britt* court "identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *See id.; Riggins,* 74 F.3d at 735.

In order to determine whether Greene was entitled to a copy of his trial transcript at the State's expense, we first examine the value of that transcript in connection with his appeal. *See Britt,* 404 U.S. at 227, 92 S.Ct. at 433. Pursuant to the Ohio Appellate Rules, an appellant is required to cite to specific pages of the record in support of each assignment of error he presents for review. *See, e.g.,* Ohio App. R. 16(A)(7); Ohio App. R. 16(D). For example, Rule 16(A)(7) provides:

> The appellant *shall* include in his brief ... [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to ... parts of the record on which appellant relies.*

(emphasis added). Similarly, Rule 16(D) states that:

> [r]eferences in the briefs to parts of the record *shall* be to the pages of the parts of the record involved; e.g., ... Transcript p. 231.... If reference is made to evidence, the admissibility of which is in controversy, reference *shall* be made to the pages of the transcript at which the evidence was identified, offered and received or rejected.

(emphasis added). Considering that the Ohio Appellate Rules require citation to the record in support of each assignment of error, access to that record is a necessity. *See Britt,* 404 U.S. at 228, 92 S.Ct. at 433 ("Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case."). Accordingly, the State was required

to provide Greene either a copy of that transcript or an alternative that fulfilled the same functions. *See Britt*, 404 U.S. at 227, 92 S.Ct. at 433; *Riggins*, 74 F.3d at 735 ("Several other circuits also have interpreted *Britt* as generally requiring a transcript unless the state shows that its alternative procedure was substantially equivalent.") (citing *United States v. Devlin*, 13 F.3d 1361, 1363–64 (9th Cir.1994); *United States v. Jonas*, 540 F.2d 566, 573 (7th Cir.1976); *United States v. Baker*, 523 F.2d 741, 742–43 (5th Cir.1975)).

■ Turning to the second prong of the *Britt* analysis, we believe that the State failed to provide Greene with an alternative that was "substantially equivalent" to giving him a copy of his trial transcript. *See Riggins*, 74 F.3d at 735 (interpreting *Britt*, 404 U.S. at 227, 92 S.Ct. at 433). The State has conceded that Greene is indigent and that, once Greene elected to proceed pro se, he no longer had access to his trial transcript or any substantially equivalent alternative. The State has also apparently conceded that, without access to his trial transcript, Greene was unable to obtain "as adequate appellate review [of his conviction] as defendants who have money enough to buy transcripts." *Griffin*, 351 U.S. at 19, 76 S.Ct. at 590; Ohio App. R. 16(A)(7); Ohio App. R 16(D). Nevertheless, the State notes that the Ohio Court of Appeals appointed counsel to represent Greene on his appeal and that, if Greene had not elected to proceed pro se, his counsel could have reviewed—free of charge—the copy of the transcript that was filed with the appellate court. Thus, the State argues that its offer of free legal counsel was substantially equivalent to providing Greene with access to the transcript itself.

Upon consideration, we reject the State's argument that offering Greene free legal counsel was substantially equivalent to providing him access to his trial transcript, because the State's argument, in effect, requires an indigent defendant to surrender one constitutional right in order to exercise another. Specifically, an indigent defendant possesses a Sixth Amendment right to pro-

ceed pro se, *see Faretta v. California*, 422 U.S. 806, 834–36, 95 S.Ct. 2525, 2540–41, 45 L.Ed.2d 562 (1975), and, if the state provides appellate review of convictions, a Fourteenth Amendment right to the basic tools of adequate appellate review. *See Griffin*, 351 U.S. at 19, 76 S.Ct. at 590. Essentially, the State's argument would require an indigent defendant in Ohio to surrender his Sixth Amendment right to self-representation in order to exercise his Fourteenth Amendment right to the basic tools of adequate appellate review. Because "it [is] intolerable that one constitutional right should have to be surrendered in order to assert another," *see Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968); *Tomai–Minogue v. State Farm Mut. Auto. Ins. Co.*, 770 F.2d 1228, 1232 (4th Cir.1985); *United States ex rel. Wilcox v. Johnson*, 555 F.2d 115, 120 (3d Cir.1977), we hold that the State's offering of free legal counsel was not substantially equivalent to providing Greene with a copy of his trial transcript. *See Britt*, 404 U.S. at 227, 92 S.Ct. at 433; *Riggins*, 74 F.3d at 735.[2]

■ Finally, we address the State's claim that Greene relinquished any right of access to the trial transcript when he elected to proceed without the benefit of appellate counsel. *See United States v. Smith*, 907 F.2d 42 (6th Cir.1990) (holding that a defendant, by waiving his right to counsel, also surrendered his right to an adequate law library); *United States v. Sammons*, 918 F.2d 592 (6th Cir.1990) (same). The State argues that, just as a defendant relinquishes his right of access to a law library when he waives his right to counsel, he also waives his right to a trial transcript.

We disagree. In *Smith* and *Sammons*, we held that a defendant may not forego counsel and then demand access to law library facilities, because a defendant who waives legal representation knowingly and willingly gives up many of the benefits associated with the right to counsel. *See Faretta v. California*,

---

2. We note that two other circuit courts also have concluded that a pro se criminal defendant is entitled to a copy of his trial transcript at state expense. *See Lumbert v. Finley*, 735 F.2d 239, 244–45 (7th Cir.1984); *Byrd v. Wainwright*, 722

F.2d 716, 719 (11th Cir.1984). Notably, neither court conditioned a defendant's right to such a transcript upon his acceptance of court-appointed counsel.

422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). However, a transcript has never been considered a source of legal knowledge associated with the right to counsel; rather, a transcript is a source of factual information specific to the defendant's case and necessary in the preparation of an appeal. In fact, the United States Supreme Court has recognized the right to a trial transcript in situations in which there is no right to counsel. *See Gardner v. California,* 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969). We therefore find that the right of access to a trial transcript is distinguishable from the right of access to a law library.

Moreover, in *Smith* and *Sammons* we emphasized that the defendants in those cases knowingly and voluntarily waived the benefit of the right of access to a law library when they waived their right to counsel. *Smith,* 907 F.2d at 43–45; *Sammons,* 918 F.2d at 601–02. In the present case, there is no evidence indicating that Greene was aware or informed that his election to forego legal counsel included an election to forego access to a trial transcript. Accordingly, we do not believe that Greene's waiver of counsel included a knowing and voluntary waiver of his right of access to a trial transcript.

## IV.

For the foregoing reasons, we **AFFIRM** the district court's order granting Greene a conditional writ of habeas corpus and **VACATE** our stay of that order. The State of Ohio has sixty days from the entry of this decision to comply with the district court's order.