On October 26, 2000, Yul Dunning filed a "MOTION FOR WRIT OF MANDAMUS MOTION TO CEMPEL." [sic] He used the case caption "STATE OF OHIO — Plaintiff-Appelle [sic] v. YUL D. DUNNIG [sic] — Defendant-Appellant." (Capitalization and spelling in the original.) Underneath "STATE OF OHIO" he listed Judge P. Cleary and William Mason, the Cuyahoga County Prosecutor, and their address as the Justice Center. He also included in the caption Appellate Case No. 75869, which was his appeal of State of Ohio v. Yul Dunning, Cuyahoga County Common Pleas Case No. Cr. 369046, in which a jury convicted him of robbery.
In the body of the filing Mr. Dunning asks this court "to accept hisMOTION FOR WRIT OF MANDAMUS as a MOTION TO COMPEL the Cuyahoga Common Pleas Court for an order directing the Official of Court reporter, at State expense for a Complete Transcript of Proceeding *** and respectfully requests this Honorable Court to Compel the Lower Court to Rule on MOTION FOR JAIL TIME CREDIT ***." He seeks the complete transcript for habeas corpus review. He also includes a public records request for the transcript and journal entries.
On November 16, 2000, the Cuyahoga County Prosecutor moved for summary judgment[1] on the grounds that the trial court judge has ruled on the motion for jail time credit and Mr. Dunning has received his one, free transcript in the appeal, Case No. 75869. Mr. Dunning never filed any opposition to this dispositive motion. For the following reasons, this court grants the motion for summary judgment and dismisses this "writ action."
First, the filing is defective because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to caption a mandamus action properly is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court off Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court cannot determine whether the respondent is or should be the common pleas court generally, Judge Cleary specifically, the prosecutor and/or the court reporter. It is also possible that there could be different respondents for different claims. This court has held that this uncertainty as to the respondent also warrants dismissal. State ex rel.Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel. Samuels v.Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; andState ex rel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009, unreported. Additionally, mandamus may not be commenced by motion. Myles v. Wyatt (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080.
Mr. Dunning has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25
warrants dismissal of the complaint for a writ of mandamus. Stateex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 564 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242.
Mr. Dunning's public records claim for a complete transcript and journal entries to support a habeas corpus review and at state's expense also fails. R.C. 149.43 (B) (1) provides that "upon request, a public office or person responsible for public records shall make copies available at cost***." There is no duty to provide records for free under the public records act. State ex rel. Edwards v. Cleveland PoliceDepartment (1996), 116 Ohio App.3d 168, 687 N.E.2d 315 and State exrel. Mayrides v. Whitehall (1990), 62 Ohio App.3d 225, 575 N.E.2d 224. Moreover, subsection (B) (4) provides that a "public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction *** to inspect or to obtain a copy of any public record concerning a criminal *** prosecution *** unless" the judge of the criminal proceeding determines that the information sought is necessary to support an apparent justiciable claim. In the present case Mr. Dunning has not stated that he has tried to obtain the judge's permission for the release of the public records.State ex rel. Douglas Wilberger v. Ms. Harris (Dec. 12, 2000), Cuyahoga App. No. 78521, unreported. Furthermore, even if this mandamus seeks to compel the court to make such a determination, mandamus does not lie to compel a judge to issue a certain ruling. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Generally a defendant in a criminal case who has exhausted the direct appeals of his or her conviction may not avail himself or herself of R.C. 149.43 to support postconviction remedies. State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, 639 N.E.2d 83 and State ex rel. Sevayega v. Reis
(2000), 88 Ohio St.3d 458.
Nor is there a duty to send the transcript to Mr. Dunning. An indigent criminal defendant need only be provided with one copy of the transcript, and that duty is fulfilled by preparing the transcript and sending it to the court of appeals on direct appeal. State ex rel. Greenev. Enright (1992), 63 Ohio St.3d 729, 590 N.E.2d 1257; State ex rel.Ralston v. Hill (1981), 65 Ohio St.2d 58, 417 N.E.2d 1380 and State exrel. Murr v. Thierry (1987), 34 Ohio St.3d 45, 517 N.E.2d 226. A review of the docket in Case No. 75869 reveals that has been done.
Mr. Dunning also did not provide the proper affidavit under R.C. 2969.25
(C) for waiving court costs.
Accordingly, this court grants the motion for summary judgment and dismisses this "writ action." Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] On this motion the prosecutor listed himself, William D. Mason, as the only respondent.