DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment that dismissed a complaint filed by William E. Smith, plaintiff below and appellant herein. Appellant failed to file a brief that conformed to App.R. 16. Instead, appellant filed a "Notice" that, inter alia, contains appellant's statement that in lieu of an appellate brief, he "will rely on the authorities presented on the original action and supplemental filings."Based upon appellant's failure to comply with App.R. 16, and for that reason alone, appellant's "claims" could be overruled and the trial court's judgment could be affirmed. Nevertheless, in the interest of justice, the merits of appellant's claims will be reviewed.
On August 17, 2000, appellant filed a complaint against the Lawrence County Sheriff, Chief Deputy Sheriff and the jail administrator (hereinafter the appellees). Appellant requested declaratory and injunctive relief for dereliction of duty and interference with "civil and statutory rights" to "undertake self-representation in criminal matters currently before" the Ironton Municipal Court and the Chesapeake Municipal Court. Appellant further stated that the named officials were "undertaking a clandestine policy of depriving those who choose to exercise their right to self-representation in criminal matters" and "legal assistance in the form of access to legal materials (law books, pens, paper, copies, envelopes, adequate lighting, notary service)." Apparently, appellant had been incarcerated in the county jail awaiting the resolution of criminal charges and he believed that the authorities interfered with his "means to defend himself." Appellant's complaint noted that he proceeded pro se in the underlying criminal action.[1]
On September 14, 2001, the appellees filed an answer that (1) noted that appellant had been released from the Lawrence County Jail to the State of Ohio on a holder for a parole violation; and (2) asserted that the county jail did indeed have a policy to provide inmates with access to legal materials.
On September 25, 2001, the appellees filed a motion to dismiss the complaint. The appellees contended that (1) appellant's claim was moot, and (2) appellant failed to state a claim upon which relief could be granted. The appellees noted that a defendant who knowingly waives his right to appointed counsel is not entitled to legal research materials at government expense, and that appellant did, in fact, waive his right to appointed counsel.
On October 3, 2001, appellant, in his memorandum contra appellees' motion to dismiss, conceded that he opted to represent himself in the pending criminal matters. Appellant asserted, however, that he was nonetheless entitled to access to legal research materials
On October 17, 2001, the trial court granted appellees' motion and dismissed the complaint. This appeal followed.
Crim.R. 12(B)(6) provides that a trial court may grant a motion to dismiss a complaint for the "failure to state a claim upon which relief can be granted." When deciding a motion to dismiss, the court must presume the truth of all factual allegations contained the complaint.Mitchell v. Lawson Milk (1989), 40 Ohio St.3d 190, 532 N.E.2d 753. Furthermore, courts must draw all reasonable inferences in favor of the nonmoving party. Id. A trial court is not, however, required to draw conclusions that are not supported by the factual allegations. Id. A court may grant a motion to dismiss for the failure to state a claim only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. Tulloh v. Goodyear AtomicCorp. (1992), 62 Ohio St.3d 541, 584 N.E.2d 729; Wilson v. Ohio (1995),101 Ohio App.3d 487, 655 N.E.2d 1348; Taylor v. London (2000), 88 ohio St.3d 137, 723 N.E.2d 1089 citing O'Brien v. University Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
Appellate review of a trial court's Civ.R. 12(B)(6) judgment presents a question of law which the appellate court determines independently of the trial court's decision. Hunt v. Marksman Prods., Div. of SIR Industries,Inc. (1995), 101 Ohio App.3d 760, 652 N.E.2d 726; Ford v. Littlefield
(Dec. 14, 1993), Pickaway App. No. 93CA9, unreported; Bell v. Horton
(1995), 107 Ohio App.3d 824, 669 N.E.2d 546.
The appellant contends that the trial court erred by dismissing his complaint for the failure to state a claim. The appellees assert, citingState ex rel., Greene v. Enright (1992), 63 Ohio St.3d 729,590 N.E.2d 1257 and Greene v. Brigano (1995), 904 F. Supp. 675, that a defendant who knowingly waives "his right to court appointed counsel is not entitled to legal research or legal materials at the government's expense."
In Greene at 63 Ohio St.3d 732, 590 N.E.2d 1259, the Ohio Supreme Court wrote:
"Following Faretta, the Smith court held that when a criminal defendant knowingly and intelligently waives his right to counsel, he relinquishes the right to access to the law library.
The Sixth Circuit Court of Appeals reaffirmed the Smith decision inUnited States v. Sammons (C.A.6, 1990), 918 F.2d 592, 602, again declaring that a state does not have to provide access to a law library to defendants in a criminal trial who wish to represent themselves. See, also, United States v. Chatman (C.A.4 1978), 584 F.2d 1358, 1360.
Moreover, in United States v. Wilson (C.A.9, 1982), 690 F.2d 1267,1271, the court held that the right to self-representation did not imply a right of access to legal facilities and the materials necessary to prepare legal arguments and documents.
Accordingly, Green has failed to demonstrate that he had a clear legal right to and that Enright was under a clear legal duty to perform the requested act."
Thus, when a criminal defendant waives the assistance of trial counsel, he also relinquishes individual access to a law library to prepare his defense. United States v. Smith (C.A.6, 1990), 907 F.2d 42. See, also, State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89,637 N.E.2d 306; Stricker v. Waters (C.A.4, 1993), 989 F.2d 1375. The option rests with the government, which has the obligation to provide legal assistance, as to the particular form that assistance will take. UnitedStates v. Chatman (C.A.4, 1978), 584 F.2d 1358.
In the case sub judice, appellant waived the assistance of counsel and thereupon relinquished his access to a law library. A defendant who chooses to proceed pro se is not entitled to unlimited cost-free access to a law library simply because he is indigent and incarcerated.
Thus, after viewing the complaint in the light most favorable to appellant, the trial court properly concluded that appellant's complaint fails to state a claim upon which relief can be granted.[2]
Accordingly, based upon the foregoing reasons appellant's assignment of error and statements of issues are hereby overruled and the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Only
[1] In his memorandum contra appellees' motion to dismiss, appellant also conceded that he chose to represent himself in the underlying criminal action.
[2] Appellant filed a "Reply Brief" on April 9, 2002. This filing occurred long after the date that appellant should have filed his reply brief (Jan. 2, 2002). See App.R. 18(A). In his reply brief, appellant includes four "statements of issues" as follows:
 1. "DID THE TRIAL COURT ERROR BY DISMISSING THE INSTANT CASE PREMATURELY WHILE THE PLAINTIFF-APPELLANT WAS STILL IN PRELIMINARY STAGES OF DISCOVERY AND THERE EXISTED A PRIMA FACIE SHOWING OF GENUINE ISSUES OF DISPUTED MATERIAL FACT? Sub Judice" (sic)
 2. "DID THE TRIAL COURT ABUSE ITS DISCRETION IN THE INSTANT CASE BY FAILING TO RECOGNIZE PRECEDENT LAW AS CITED IN PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS?"
 3. "DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING DEFENDANT'S MOTION TO DISMISS IN LIGHT OF THE EVIDENCE PRESENTED BY THE PLAINTIFF-APPELLANT IN HIS ORIGINAL ACTION?"
 "4. DID DEFENDANTS VIOLATE THE CIVIL AND STATUTORY RIGHTS OF PLAINTIFF-APPELLANT AS SET FORTH IN THE ORIGINAL ACTION?"
After having considered appellant's reply brief, it is apparent that appellant's "statement of issues" sheds no new light on this controversy. A motion to dismiss must be resolved by viewing the complaint, not by examining "discovery materials" or alleged "genuine issues of disputed material facts." Furthermore, the trial court did reach the correct conclusion based upon the applicable legal authorities.