[Cite as *State v. Graham*, 2013-Ohio-1534.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012-CA-18 |
| JOSEPH GRAHAM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Cambridge Municipal
Court, Case No. 12-CRB00750

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 15, 2013

APPEARANCES:

For Plaintiff-Appellee:

WILLIAM H. FERGUSON
Cambridge Law Director
150 Highland Avenue, Ste.2
Cambridge, OH  43725

For Defendant-Appellant:

JOSEPH GRAHAM  PRO SE
601 Southgate Parkway
Cambridge, OH  43725

*Gwin, P.J.*

**{¶1}** Appellant Joseph M. Graham ("Graham") appeals from the August 2, 2012 judgment entry of the Cambridge Municipal Court, Guernsey County, Ohio convicting him of assault. Plaintiff-appellee is the State of Ohio.

## *FACTS AND PROCEDURAL HISTORY*

**{¶2}** On June 15, 2012, a complaint was filed against Graham for one count of assault, a misdemeanor of the first degree, a violation of Ohio Revised Code Section 2903.13. He was arrested on that date.

**{¶3}** Graham appeared for arraignment in the Cambridge Municipal Court on June 19, 2012. He tendered a plea of not guilty and bond was set at $50,000.00. The case was then scheduled for trial to the court for July 10, 2012.

**{¶4}** On June 21, 2012, Graham filed a notice with the court that he intended to proceed pro se. He also requested discovery and a bill of particulars be provided by the state.

**{¶5}** On June 25, 2012, Graham filed a request for a jury trial. On June 27, 2012, the state filed a response to Graham's discovery request.

**{¶6}** On June 28, 2012, Graham filed a notice of alibi.

**{¶7}** By Judgment Entry filed June 29, 2012, the courts set a hearing for July 2, 2012 on whether Graham intended to waive his right to retained or appointed counsel and proceed pro se.

**{¶8}** On July 2, 2012, Graham appeared by video conference and waived his right to counsel.

{¶9}  By Judgment entry filed July 3, 2012, the trial court addressed Graham's motions and further set the case for a jury trial on July 19, 2012 stating that this date "is the very next available date for a jury trial, given the Court's schedule."

{¶10}  On July 3, 2012, the state finally filed a bill of particulars.

{¶11}  On July 13, 2012, Graham sent a letter to the court stating that he had not received discovery from the state. Interpreting this as a motion to compel discovery, the court scheduled a hearing for July 19, 2012. The court also continued the jury trial date to August 2, 2012.

{¶12}  On July 18 and 19, 2012, Graham filed motions to dismiss alleging that his right to a speedy trial had been violated and that he was not be given access to a law library necessary to prepare his defense.

{¶13}  The Court considered all of Graham's motions at the hearing held on July 19, 2012. By entry filed July 20, 2012, the trial Court denied Graham's motion to dismiss for speedy trial and ordered the County Jail to confirm that all documents had been provided to Graham. In addition, the trial Court amended Graham's bond to a personal recognizance bond.

{¶14}  Attorney Eric J. Allen faxed a notice of appearance as counsel for Graham on July 26, 2012. Attorney Allen represented Defendant-Appellant at trial.

{¶15}  The case proceeded to trial by jury in the Cambridge Municipal Court on August 2, 2012. Graham was found guilty of the charge of assault and a sentence of six months incarceration was imposed.

**{¶16}** On August 23, 2012, the trial Court filed an entry indicating that Graham had filed a motion for a new trial. By entry, the trial court denied Graham's motion for new trial.

### *Assignments of Error*

**{¶17}** Graham raises two assignments of error:

**{¶18}** "I. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION.

**{¶19}** "II. THE TRIAL COURT ERRED BY FAILING TO REQUIRE THE DEFENDANT-APPELLANT TO BE PROVIDED WITH A LAW BOOK."

### *STANDARD OF REVIEW*

**{¶20}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

**{¶21}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th

Dist. 1983). This appeal shall be considered in accordance with the aforementioned rule.

I.

{¶22} In his first assignment of error, Graham contends the trial court erred and violated his statutory and constitutional rights by denying his speedy trial motion to dismiss.

{¶23} A person charged with a first degree misdemeanor shall be brought to trial within ninety days after the person's arrest or the service of summons." R.C. 2945.71(B)(2). Each day an accused is held in jail shall be counted as 3 days. R.C. 2945.71(E).

{¶24} "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

{¶25} R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by

reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

**{¶26}** A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id. When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state.

**{¶27}** Graham was arrested on June 15, 2012 and held in jail. Thus, the state had thirty days to bring him to trial if he remained in jail solely on the pending charges. Thirty days would be July 15, 2012; however because that date was a Sunday, time is extended to July 16, 2012. Crim. R. 45(A).

**{¶28}** On June 21, 2012, Graham filed a notice with the trial court that he intended to represent himself. A motion to waive counsel and represent oneself tolls the running of the statutory speedy trial period under R.C. 2945.72(E). *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶36.

**{¶29}** Thus, the eleven days between June 21, 2012 when Graham made his request to waive counsel and July 2, 2012 when the trial court accepted his written waiver do not count against the state for speedy trial purposes. *See*, Crim.R. 45(A).

**{¶30}** Time commenced to run again on July 2, 2012 and ran at credit for three days until Graham was released from jail on July 19, 2012. Thus, the time to bring Graham to trial is calculated:

| 06.15.12 to 06.21.12 | 6 days |
|---|---|
| 06.21.12 to 07.02.12 | tolled |
| 07.02.12 to 07.19.12 | 17 days |
| Total: | 23 days expired at 3 for 1 |

**{¶31}** At the time the motion to dismiss was made and at the time the trial court ruled upon it, the time to bring Graham to trial had not expired. Because Graham was released from jail, he was no longer entitled to count each day as three days. R.C. 2945.71(E).

**{¶32}** The trial court continued the trial date from July 19, 2012 reasoning that Graham's motion to compel discovery would toll the time for trial. However, at the hearing on July 19, 2012, the trial court discovered that the motion to compel was necessitated by the failure of the prosecutor or the jail personnel to serve Graham with the state's discovery response that had been filed. The court ordered, "Sergeant Stoney at the County Jail find those documents and make sure that they are given to the defendant."

**{¶33}** In *State v. McDaniel,* the court noted,

[I]f the defendant's motion to compel discovery is necessitated by prosecutorial misconduct in refusing to comply with a discovery request, then any delay caused by the motion is not chargeable to the defense and does not toll the statutory speedy trial time. *State v. Timson* (May 25, 1989), Franklin App. No. 87AP-1212, unreported; *State v. Collins* (Sept. 30, 1988), Butler App. No. 88-02-021, unreported; *State v. Cox* (April 1, 1987), Holmes App. No. CA-367, unreported.

2nd Dist. No. 93-CA-38, 1994 WL 371229, at note 5 (July 13, 1994). *Accord*, *State v. Knight*, 2nd Dist. No. 03-CA-014, 2005 WL 1490364(June 24, 2005), ¶19.

**{¶34}** In the case at bar, it would work an injustice to the incarcerated accused to charge time against him when the state failed to insure that he timely received the discovery. However, as of the date of the trial court's ruling, the time to bring Graham had not expired.

**{¶35}** On July 26, 2012, counsel filed a notice of appearance on Graham's behalf. Counsel thereafter represented Graham. Graham did not renew his motion to dismiss on or after July 26, 2012.

**{¶36}** Graham's failure to file a motion to dismiss on speedy trial grounds after the time had expired and pursuant to R.C. 2945.73(B) prevents him from raising the issue on appeal. See *State v. Thompson*, 97 Ohio App.3d 183, 186-187, 646 N.E.2d 499(1994). *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72(2002), ¶37.

**{¶37}** Graham's first assignment of error is overruled.

II.

**{¶38}** We understand that Graham has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶39}** After reviewing Graham's brief including his contentions, we have interpreted Graham's second assignment of error in the following manner: the trial court erred in not dismissing the case because the Court failed to provide him with a law book or sufficient materials to properly prepare for trial.

**{¶40}** In the case at bar, counsel represented Graham from July 26, 2012 through the conclusion of the jury trial.

**{¶41}** We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." See *Smith v. Flesher*, 12 Ohio St. 2d 107, 233 N.E. 2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92, 94(1968); *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097, ¶16. *See, also*, App.R. 12(D).

**{¶42}** Graham has cited no clearly established Supreme Court law that requires the state to supply a defendant who voluntarily waives his right to counsel access to a law library. Cf. *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729, 731-732, 590 N.E.2d 1257(1991); *Kane v. Garcia Espitia,* 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed. 2d 10 (2005). In addition, Graham has not demonstrated prejudice, and we do not find any from a thorough review of the record filed with this appeal.

**{¶43}** Graham's second assignment of error is denied.

{¶44} Accordingly, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN


WSG:clw 0319

[Cite as *State v. Graham*, 2013-Ohio-1534.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH GRAHAM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-18 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN