[Cite as *State v. Hines*, 2019-Ohio-1298.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2018-L-095** |
| MICHAEL G. HINES, JR., | : | |
| Relator. | : | |
| | : | |

Original Action for Writ of Procedendo.

Judgment: Dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Harrison L. Crumrine,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

*Michael G. Hines, Jr.*, pro se, PID# A693.-335, Belmont Correctional Institution, 68518 Bannock Road, St. Clairesville, OH 43950 (Relator).

PER CURIAM

{¶1} Pending before this court is the respondent, the Honorable Eugene A. Lucci's, Motion to Dismiss, filed on August 22, 2018.[1] No response has been filed by relator, Michael G. Hines, Jr.

---

1. Although not identified as a respondent or party, Judge Lucci has filed the Motion to Dismiss "as the administrative judge for the Lake County Court of Common Pleas as well as the judge who presided over the underlying criminal cases at issue in this matter." Motion to Dismiss.

{¶2} Hines is currently serving an aggregate prison sentence of ten years after he pled guilty to the following: Illegal Manufacture of Controlled Substance and Assembly or Possession of Chemicals Used to Manufacture Controlled Substance (Case No. 16-CR-000167); Theft (Case No. 16-CR-000342); Assembly or Possession of Chemicals Used to Manufacture Controlled Substance (Case No. 16-CR-000437); and Attempted Burglary (Case No. 16-CR-000953). Hines' sentence was upheld on direct appeal in *State v. Hines*, 11th Dist. Lake Nos. 2017-L-032, 2017-L-033, 2017-L-034, and 2017-L-035, 2017-Ohio-8285.

{¶3} On July 30, 2018, Hines filed a Writ and Motion for Procedendo in which he sought an order from this court for the Common Pleas Court of Lake County "to provide the Defendant with a copy of the original papers exhibits thereto filed in the Common Pleas Court in the above captioned case and certified copy of the docket and journal entries, and copy of Full Discovery, pursuant to App.R. 9(A)." Hines also filed an Affidavit of Indigency & Motion to Waive Court Costs.

{¶4} "As a general matter, procedendo * * * will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. "A writ of procedendo will not issue unless the relator establishes a clear legal right to that relief and that there is no adequate remedy at law." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).

{¶5} An action for writ of procedendo is subject to dismissal under Civil Rule 12(B)(6) "for failure to state a claim upon which relief can be granted * * * if, after all factual allegations are presumed true and all reasonable inferences are made in [the

relator's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in * * * procedendo." *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, 119 Ohio St.3d 366, 2008-Ohio-4607, 894 N.E.2d 314, ¶ 7.

{¶6} Judge Lucci preliminarily asserts that Hines' action is subject to dismissal because it fails to comply with certain statutory requirements:

> (A)  At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  * * *
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency shall contain * * *:
>
>> (1) A statement that sets forth the balance in the inmate account for the inmate for each of the preceding six months, as certified by the institutional cashier * * *.

R.C. 2969.25.

{¶7}  As correctly noted by Judge Lucci, Hines has failed to file an affidavit describing prior civil actions and the Affidavit of Indigency he did file fails to include a balance statement certified by the institutional cashier.  On these grounds alone, dismissal of the action is mandated.  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4 ("[t]he requirements of R.C. 2969.25 are

3

mandatory and failure to comply with them requires dismissal of an inmate's complaint"); *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, 112 N.E.3d 902, ¶ 12 ("the court of appeals properly dismissed [relator's] petition for failure to attach the statement of his inmate account that is required by R.C. 2969.25(C)"); *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3 ("[c]ompliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal").

{¶8} Judge Lucci further argues that Hines has failed to establish a clear legal right to relief, i.e., an order that he be provided with "[t]he original papers * * * filed in the trial court, the transcript of proceedings, * * * and a certified copy of the docket and journal entries." App.R. 9(A). We agree.

{¶9} Appellate Rule 9(A) does not state that a defendant is entitled to copies of the documents identified therein, only that these documents "shall constitute the record on appeal in all cases."

{¶10} The Ohio Supreme Court "has held that an indigent prisoner is entitled to relevant portions of a transcript upon * * * appeal or in seeking post-conviction relief." *State ex rel. Murr v. Thierry*, 34 Ohio St.3d 45, 517 N.E.2d 226 (1987). However, an "appeal or post-conviction action must be pending at the time the transcript is sought" and "only one copy of a transcript need be provided." *Id.*; *State ex rel. Ralston v. Hill*, 65 Ohio St.2d 58, 417 N.E.2d 1380 (1981) ("[t]his court has held in a long line of cases that the state has a duty to provide an indigent defendant with only a single trial transcript for the purpose of an effective appeal").

{¶11} Both of these conditions justify the dismissal and/or denial of Hines' Motion. He neither has an appeal nor a postconviction proceeding pending, and he was

already provided a single copy of the relevant transcripts in his prior appeals. *State ex rel. Perdue v. Court of Common Pleas*, 61 Ohio St.2d 34, 398 N.E.2d 796 (1980) ("[r]elator is not entitled to copies of the records at state expense since he has exhausted his state remedies and has no appeal from his convictions pending"); *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998) (the court of appeals properly took judicial notice of docket entries to determine that a procedendo action should be dismissed as moot).

{¶12} For the foregoing reasons, Respondent's Motion to Dismiss is granted, and Relator's "Writ and Motion for Procedendo" is hereby dismissed.

CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.